## * * § 362 INFORMATION COVER SHEET * *

Clifford J. Morin
**DEBTOR**
CITY NATIONAL BANK
**MOVANT**

Case No: 10-51334
CHAPTER: 13

MOTION #:

| Certification of Attempt to Resolve the Matter Without Court Action: |
|---|
| Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so. |
| Date: June 14, 2010          Signature: /S/ Jason A. Rose, Esq. |
|                                              Attorney for Movant |

PROPERTY INVOLVED IN THIS MOTION: 1576 East Valley Road, Gardnerville, NV
NOTICE SERVED ON: Debtor(s) ☐ ; Debtor's counsel ☐ ; Trustee ☐ ;
DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st $493,984.04 (Wells Fargo Bank) | 1st |
| 2nd $520,922.52 (City National Bank) | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: $1,014,906.56 | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: $1,130,000 as of December 29, 2009 | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S): | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note: $500,000 | . |
| Interest Rate: 8.75 | . |
| Duration: 2 years (matured 7-15-2009) | . |
| Payment per Month: | . |
| Date of Default: 7-15-2009 | . |
| Amount in Arrears: $520,922.53 | . |
| Date of Notice of Default: 12-24-2009 | .. |
| SPECIAL CIRCUMSTANCES: | . |
|  | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: Jason A. Rose | SUBMITTED BY: |
|             /s/ Jason A. Rose | SIGNATURE: |

JANET L. CHUBB, ESQ.
Nevada Bar # 176
JASON A. ROSE, ESQ.
Nevada Bar # 9671
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone: 775-786-5000
Fax: 775-786-1177
Email: jlc@jonesvargas.com
  and  tbw@jonesvargas.com
      jrose@jonesvargas.com

Attorneys for City National Bank

**Electronically Filed on June 21, 2010**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

CLIFFORD J. MORIN,

Debtor.

Case No.   BK-N-10-51334-GWZ

Chapter    13

**CITY NATIONAL BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Hearing Date:  August 5, 2010
Hearing Time:  2:00 p.m.

City National Bank, through its counsel, Jones Vargas, moves for relief from the automatic stay with regard to real property located at 1576 East Valley Road, Gardnerville, NV 89410. This motion is based on the following:

**I.   Introduction**

The property that is the subject of this motion is the Debtor's residence and has been in and out of escrow with some potential purchaser for a significant period of time. While the Debtor is hopeful that the sale will close and there will be sufficient monies to fund its plan and

pay off the lien holders, there is a significant chance that the Debtor's efforts to sell the subject property will fail. In the interim, City National Bank is not receiving payments. The automatic stay should be terminated so City National Bank ("CNB") can protect its interest in the subject property and enforce its state law remedies, including foreclosure.

### II.     Statement of Facts

1. On or about April 12, 2010, Clifford J. Morin (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Code, assigned case no. BK-N-10-51334-GWZ. The Notice of Default was recorded on December 24, 2009 and the foreclosure sale date was originally set for April 21, 2010.

2. On or about December 28, 2006, the Debtor delivered to Business Bank of Nevada the Home Equity Credit Line Agreement ("Credit Agreement") in the principal sum of $500,000. The Credit Agreement is secured by a second priority Revolving Credit Deed of Trust ("Deed of Trust") encumbering the property located at 1576 East Valley Road, Gardnerville, NV 89410 ("Property"). The Credit Agreement and Deed of Trust are attached hereto as Exhibit A and B, respectively, and incorporated herein by this reference.

3. Subsequently, the Credit Agreement and Deed of Trust were assigned by Business Bank of Nevada to CNB.

4. According to the Credit Agreement the loan matured on December 28, 2008. The maturity date was extended to July 15, 2009.

5. The Debtor's obligation to CNB has been in default since July 15, 2009. The debt on the Credit Agreement as of May 25, 2010 is:

| Principal: | $488,956.28 |
|---|---|

| | |
|---|---|
| Past due interest: | $31,316.25 |
| Late charges: | $175 |
| Appraisal fee: | $475 |
| TOTAL: | $520,922.53 |

Interest continues to accrue on the Credit Agreement at the rate of $83.73 per diem.

6. The fair market value of the Property is $1,130,000 ("Fair Market Value") as evidenced by the appraisal attached to Kenneth E. Cronin's Declaration in Support of the Motion for Relief from the Automatic Stay.

7. The estimated costs of sale are 6% of the Fair Market Value, $67,800, comprised of 1% closing costs and 5% brokers' commissions.

### III. Argument

The stay may be terminated if any of the following bases are established:

> the court's authority to adjust the automatic stay is constrained by §362(d), which delineates four bases for the court to grant relief fromthe stay...Those four bases are: cause, § 362(d)(1); lack of equity inproperty not needed for an effective reorganization, 362(d)(2); failure timely to file a plan of reorganization...362(d)(3); and certain instances of the filing of a petition as part of a scheme to delay, hinder, and defraud creditors.. § 362(d)(4). *In re Van Ness*, 399 B.R. 897 (Bankr. E.D. Cal. 2009).

Here, there is no equity in Property and it is not necessary for an effective reorganization.

**A. Cause exists to terminate the automatic stay because there is no equity and the property is not necessary for an effective reorganization**

The stay should be terminated if there is no equity in the property:

> the court shall grant relief from the stay...such as by terminating, modifying, or conditioning

such stay…with respect to a stay or an act against property under subsection (a) of this section, if
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary for an effective reorganization. 11 U.S.C. 362(d)(2).

Equity is the value above all secured claims against the property that can be realized from the sale of the property for the benefit of the unsecured creditors. *In re Mellor*, 734 F.2d 1396, 1400 n. 2 (9th Cir. 1984).

Under the best case scenario, the equity in the Property is as follows:

| Fair Market Value | $1,130,000 (December 29, 2009 appraisal) |
|---|---|
| Less: | |
| Wells Fargo's First Deed of Trust | $493,984.04 |
| CNB's Deed of Trust | $520,922.53 |
| Cost of Sale | $67,800 |
| **Equity in the Property:** | **$47,293.43** |

While there is some equity based on the Fair Market Value, Property values in Northern Nevada have continued to decline. Interest continues to accrue on a daily basis. As a result, the Fair Market Value is less than what the Property appraised for in December of 2009. There is little to no equity to be realized by the Debtors or bankruptcy estate.

Section 362(g) places the burden on the Debtor to prove that the property being sought for relief from stay "is essential for an effective reorganization that is in prospect." *United Savings Ass'n of Texas v. Timbers of Innwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988). To survive the motion for relief from the automatic stay, the Property must be necessary for an effective reorganization. To meet this requirement, the Debtor must show that there is a reasonable possibility of a successful reorganization within a reasonable time. *In re Coates*, 180 B.R. 110, 120 (Bankr. D. S.C. 1995).

Here, there is no reasonable possibility of a successful reorganization based on the sale of the Property. CNB objected to the Debtor's Plan on the basis it was not feasible. *See* CNB's

Objection to Plan, (Docket No. 27). The Objection is incorporated herein by reference. More specific, the proposed sale of the Property is doubtful. The escrow for the sale of the Property has been open for a significant period of time. There is a substantial likelihood that the sale may never close. Effective reorganization based on the sale of the Property therefore is not likely possible and relief from stay should be granted.

**B.    CNB is not Adequately Protected**

The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> (1) for cause, including the lack of adequate protection of an interest in the property of such party in interest;

11 U.S.C. § 362(d)(1). Cause includes a showing that the secured creditor does not have adequate protection for its interest. The purpose of adequate protection is to ensure that the "[secured] creditor may foreclose upon the collateral and realize an amount sufficient to fully cover the balance due." *Ingersoll-Rand Fin. Corp. v. 5-Leaf Clover Corp. (In re 5-Leaf Clover Corp.)*, 6 B.E. 463, 466 (Bankr. S.D. W. Va. 1980).

Here, CNB is entitled to relief from stay under section 362(d)(1) of the Bankruptcy Code because its secured claim is not adequately protected and the value of the property is depreciating on a daily basis. As demonstrated above, there is little to no equity available for the bankruptcy estate. The Fair Market Value continues to decline due to market conditions and the accrual of $83.73 of interest on a daily basis. The Debtor's failure to make any payments post-petition is also diminishing the available equity. Cause exists to lift the automatic stay to allow CNB to continue with its state law remedies of foreclosure and related sale proceedings.

**IV.** **Conclusion**

Cause exists to terminate the automatic stay:

(1)   There is little to no equity;

(2)   The length of time that the escrow has remained open demonstrates that the sale will not close;

(3)   The Property is declining in value and, as a result, CNB is not adequately protected; and

(4)   The Debtor cannot demonstrate that his Plan is reasonable or that the Property is necessary for an effective reorganization.

Therefore, CNB requests that this Court enter an order terminating the stay and allow CNB to proceed with its state law remedies, including foreclosure of the Property.

DATED this 21st day of June, 2010.

                                              JONES VARGAS

                                              By:   /s/ Jason A. Rose
                                                        JANET L. CHUBB, ESQ.
                                                        JASON A. ROSE, ESQ.
                                              Attorneys for City National Bank

JONES VARGAS
100 West Liberty Street, Twelfth Floor - P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

# CERTIFICATE OF SERVICE

1. On June 4, 2010, I served the following document(s):

   **Motion for Relief from the Automatic Stay**

2. I served the above-named document(s) by the following means to the persons as listed below:

   ■ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

   - KEVIN A. DARBY    kevin@darbylawpractice.com, tricia@darbylawpractice.com;melissa@darbylawpractice.com;matthew@darbylawpractice.com;kendal@darbylawpractice.com
   - WILLIAM A. VAN METER    c13ecf@nvbell.net, wvanmeter13@ecf.epiqsystems.com
   - GREGORY L. WILDE    bk@wildelaw.com

   ☐ b. **United States mail, postage fully prepaid** (list persons and addresses):

   ☐ c. **Personal Service** (list persons and addresses):
   I personally delivered the document(s) to the persons at these addresses:

   ☐ d. **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

   ☐ e. **By fax transmission** (list persons and fax numbers):

   ☐ f. **By messenger**:

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of June, 2010.

____Jason A. Rose_____        ____/s/Jason A. Rose_____
Name                                          Signature